IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

OLUBUSAYO ADESANYA, M.D.,
Plaintiff,

v.

CUMBERLAND COUNTY HOSPITAL SYSTEM,
INC. d/b/a CAPE FEAR VALLEY HEALTH SYSTEMS, et al.,
Defendants.

Civil Action No. 5:26-cv-00368-FL

**FILED**

JUN 29 2026

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

---

PLAINTIFF'S RESPONSE TO CORRECTED   MOTION TO WITHDRAW

---

NOW COMES the Plaintiff, Olubusayo Adesanya, M.D., appearing pro se for the limited purpose of this filing, and respectfully submits this Response to Outgoing Counsel's Corrected Motion to Withdraw:

1. Plaintiff explicitly reiterates her full consent to the withdrawal of Alison E. Smith, Esq., and the law firm of Edwards Beightol, LLC, to ensure these proceedings move forward without delay.

2. Plaintiff formally supports the requested 30-day stay of proceedings to allow a smooth, professional transition of the case file to replacement counsel.

3. For the preservation of the permanent record, Plaintiff notes that while she fully accommodates the transition to a general withdrawal under Rule 1.16(b), she categorically rejects and disputes the severe, specific sub-ground implications introduced by outgoing counsel in their initial Motion to Withdraw filing on June 23, 2026. Plaintiff has remained consistently cooperative, truthful, and professional throughout the brief duration of this engagement, and files this response to ensure her professional reputation as a physician remains untainted.

4. True Grounds for Relationship Breakdown: Plaintiff respectfully clarifies that the breakdown in the attorney-client relationship did not result from mutual disagreement, but rather from severe communication failures, hostility, and an untenable approach initiated by Partner Catharine Edwards during a telephonic conference on June 18, 2026.

a. The Interruption of Professional Trust: During the June 18 conference, Ms. Edwards aggressively confronted Plaintiff based upon internal staff notes regarding an administrative matter. Although the staff member who authored those notes subsequently recanted them during the call itself, Ms. Edwards rejected this real-time clarification, continued to rely upon the inaccurate account, and maintained an adversarial tone throughout the discussion. Plaintiff found counsel's refusal to correct the record—and their choice to continue prioritizing a discredited narrative over their own client's truth—to be a shameful departure from the professional standards expected of legal advocates. Absolute accuracy and mutual trust are paramount, particularly in a civil rights action of this nature.

b. The Obligation of Self-Advocacy: This conference was not an isolated incident, but rather a demonstration of the multiple communication lapses Plaintiff was forced to navigate under the firm's representation. When counsel's original motion to withdraw sought to characterize the breakdown in a manner suggesting improper conduct by Plaintiff, it underscored a profound imbalance of power, mirroring the dynamic audible on the preserved recording of the June 18 conference. As a Black female physician, Plaintiff is deeply mindful of the historical realities within the legal system, where the experiences, voices, and credibility of Black litigants are uniquely vulnerable to being minimized or unfairly reframed. This response is not submitted to disparage outgoing counsel or contest their withdrawal, but rather to establish a clear record that Plaintiff is fully compliant, has done nothing wrong, and refuses to accept an inaccurate narrative from any party, especially one tasked with her advocacy.

c. Preservation of Objective Evidence: To ensure an unvarnished, contemporaneous record of these events exists, the June 18 interaction was recorded. This recording is highly significant because it provides an objective account of the staff member's recantation and the subsequent dialogue, ensuring the matter cannot be reduced to competing characterizations or an unfair credibility dispute.

d. Acceptance of Withdrawal: Plaintiff has been honest, respectful, and professional and simply refused to be subjected to an adversarial environment by her own representatives. Accordingly, Plaintiff welcomes counsel's withdrawal. By the time the motion was filed, Plaintiff was already building up the courage to terminate Edwards & Beightol independently, as the trust necessary for effective, collaborative representation had been entirely compromised by counsel's unilateral conduct. Because Plaintiff fully accommodates this transition and affirmatively supports the requested 30-day stay, this response is submitted in good faith solely to preserve the accuracy of the record and protect Plaintiff's professional reputation. Plaintiff does not seek to prolong this collateral dispute, but instead wishes to proceed efficiently toward the merits of her civil rights claims. Having clarified the basis for the breakdown in the attorney-client relationship, Plaintiff respectfully leaves the matter in the Court's hands.

The recording substantiating the objective timeline of the June 18 conference, including the staff member's recantation and the hostile tone directed at Plaintiff, has been preserved and remains available for the Court's in camera review should the Court determine that such review is necessary to resolve any factual dispute.

Respectfully submitted, this 25th day of June, 2026.

*Olubusayo Adesanya*

Olubusayo Adesanya, M.D.
Plaintiff Pro Se
2611 Edmonton Rd.
Fayetteville, North Carolina, 28304
best.adesanya@gmail.com


CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of June, 2026, a copy of the foregoing Plaintiff's Response to Corrected Motion to Withdraw was served upon the following parties via Electronic Mail and U.S. Postal Service First-Class Mail, addressed as follows:

Alison E. Smith, Esq.
Catharine E. Edwards, Esq.
Edwards Beightol, LLC
P.O. Box 6759
Raleigh, NC 27628
aes@eblaw.com
Outgoing Counsel for Plaintiff

Cumberland County Hospital System, Inc.
d/b/a Cape Fear Valley Health Systems, et al.
c/o Counsel of Record / Registered Agent

*Olubusayo Adesanya*

Olubusayo Adesanya, M.D.
Plaintiff Pro Se