Civil Action No. 5:26-cv-368-FL

| | | |
|---|---|---|
| OLUBUSAYO ADESANYA, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **PLAINTIFF'S** |
| CUMBERLAND COUNTY HOSPITAL | ) | **MEMORANDUM OF LAW IN** |
| SYSTEM, INC. d/b/a Cape Fear Valley Health | ) | **SUPPORT OF ITS MOTION** |
| Systems, Cape Fear Valley Health, Cape Fear | ) | **TO SEAL** |
| Valley Behavioral Health Care, and/or Cape | ) | |
| Fear Valley Medical Center and KENNETH | ) | |
| FLEISHMAN, M.D., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pursuant to Local Rules 7.2 and 79.2 (E.D.N.C.), Section G(1)(a) of the Electronic

Case Filing Administrative Policies and Procedures Manual, and related authority,

Plaintiff, Olubusayo Adesanya, respectfully submits this Memorandum of Law in Support

of its Motion to Seal Docket Entry Number 7.

## NATURE OF THE MATTER

Docket Entry Number 7 contains representations by prior counsel that could

reasonably be construed to reflect adversely on the Plaintiff in this case. Whether

information is likely to be embarrassing or detrimental to a client if disclosed must be

determined by the lawyer prior to the disclosure under N.C. Rules of Professional Conduct

1.9(c)(2). Here, Docket Entry Number 7 comes uncomfortably close to the line, and

arguably the reason why a second and more sanitized motion was later filed to correct the offensive element of the original motion. Under N.C. Rules of Professional Conduct 1.16(9), even if the lawyer has been unfairly discharged by the client, a lawyer must take all reasonable steps to mitigate the consequences to the client.

## ARGUMENT

It is within the discretion of the Court to order that documents be sealed. The United States Supreme Court has confirmed "that the right to inspect and copy judicial records is not absolute," and remains subject to every court's "supervisory power over its own records and files." *Nixon v. Warner Communications, Inc.* 435 U.S. 589, 598 (1978). Ultimately, "the decision as to access is one best left to the sound discretion of the trial court." *Id.* at 599. There is good cause for the request to Seal Docket Entry Number 7.

The corrected motion may have protected the lawyer, but it failed to strike the original pleading and failed to cure any damage that could reasonably be construed to reflect adversely on the Plaintiff in this case. Therefore, we ask the Court to seal the original motion to mitigate consequences to the Plaintiff. This interest outweighs any public right to access. In addition, Plaintiff is not aware of practical alternatives to sealing this document, particularly since prior counsel filed a corrected Motion to Withdraw just two days later, on June 24, 2026, under Docket Entry Number 9, which is readily available to the public.

District courts may grant motions to seal filings where the moving party can rebut the public's right of access to court documents, a right which lies in both the common law and the First Amendment. *Johnson v. Jessup,* 2021 WL 8533816, at *1 (M.D.N.C. May

20, 2021) (citing *Va. Dep't of State Police v. Wash. Post,* 386 F.3d 567, 575-76 (4th Cir. 2004)). Where the public's right of access to a judicial record or document stems from common law, the court has discretion to seal those filings where "countervailing interests heavily outweigh the public interests in access." *See Rushford v. New Yorker Mag., Inc.,* 846 F.2d 249, 253 (4th Cir. 1988).

Where the First Amendment guarantees access, on the other hand, access may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest. *Stone v. Univ. of Md. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (citing *Rushford,* 846 F.d at 253). This standard applies only to particular judicial records and documents, such as documents filed in connection with plea and sentencing hearings in criminal cases or documents filed in connection with a dispositive motion that "adjudicate[s] substantive rights and serves as a substitute for trial." *See Rushford,* 846 F.2d at 252-53; *see also Does v. Pub. Citizen,* 749 F.3d 246, 267 (4th Cir. 2014).

Here, because a motion to withdraw from representation is not dispositive of a litigant's substantive rights, the public's right to access these filings stems from common law. *See Jessup,* 2021 WL 8533816 at *1. Accordingly, this court has discretion to grant the instant motion so long as it finds a countervailing interest outweighs the public's right to access. *Id.*

Here, there is a significant interest in having Docket Entry Number 7 sealed to protect unduly prejudicial information from being disclosed, especially when prior counsel

filed a corrected more sanitized Motion to Withdraw just two days later, on June 24, 2026, under Docket Entry Number 9, which is readily available for access.

Defendant does not oppose the sealing of Docket Entry Number 7.

WHEREFORE, Plaintiff respectfully moves the Court for an Order sealing of the Motion to Withdraw under Docket Entry Number 7, which was filed on June 22, 2026.

Respectfully submitted this 10th day of August, 2026.

**HKM Employment Attorneys LLP**

*s/Sunny Panyanouvong-Rubeck*
Sunny Panyanouvong-Rubeck
N.C. Bar No. 39966
3623 Latrobe Drive, Unit 122
Charlotte, NC 28211
(980) 734-3851
spanyanouvong-rubeck@hkm.com

Artur Davis
(admitted in Alabama)
ASB-3672-D56A
2024 3rd Ave. North, Suite 212
Birmingham, AL 35203
(205) 881-0935
adavis@hkm.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on August 10, 2026, this **Motion to Seal Motion to Withdraw** was electronically filed with the Clerk of Court using the CM/ECF system which will electronically notify all counsel of record.

**HKM Employment Attorneys LLP**

*s/Sunny Panyanouvong-Rubeck*
Sunny Panyanouvong-Rubeck