IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:26-cv-00368-FL

| | |
|---|---|
| OLUBUSAYO ADESANYA, M.D., Plaintiff, v. CUMBERLAND COUNTY HOSPITAL SYSTEM, INC. and KENNETH FLEISHMAN, M.D., Defendants. | **CERTIFICATION AND REPORT OF FED. R. CIV. P. 26(f) CONFERENCE AND DISCOVERY PLAN** |

1. Certification of Conference. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on August 13, 2026, by phone conference and was conducted by Sunny Panyanouvong-Rubeck on behalf of the Plaintiff, and Jeremy Locklear on behalf of the Defendants in the above-captioned case.

2. Initial Disclosures. The information required by Fed. R. Civ. P. 26(a)(1) will be exchanged within 14 days after entry of a Case Management Order.

3. Discovery Plan. The parties jointly propose to the Court the following discovery plan:

   a) Discovery will be needed on the following subjects, without limitation: the allegations in Plaintiff's complaint, including claims of damages; Defendants' answer and defenses to the complaint; the counterclaim asserted by Defendants; all other matters raised by the pleadings or raised during discovery; expert discovery (if any); and other relevant matters consistent with Rule 26 of the Federal Rules of Civil Procedure

   b) The parties propose to commence discovery on October 2, 2026. The parties propose a deadline of April 2, 2027, for completing all discovery, including fact and expert discovery.

   c) Discovery Limits:
      1) Maximum of 25 interrogatories by each party to any other party.
      2) Maximum of 25 requests for admission by each party to any other party.
      3) Maximum of 7 depositions by plaintiff and 7 by defendants.

d) Reports from retained experts under Rule 26(a)(1) will be due:
– from plaintiff(s) by February 19, 2027;
– from defendant(s) by March 19, 2027;
Supplementations under Rule 26(e) due within 30 days of learning of the need to supplement.

4. Other Items.

a) The parties do not request a conference with the Court before entry of the scheduling order.

b) The parties request a pretrial conference thirty (30) days before trial.

c) All potentially dispositive motions should be filed by May 7, 2027.

d) Settlement:

[ ] is likely
[ ] is unlikely
[x] cannot be evaluated prior to the parties conducting preliminary discovery
[ ] may be enhanced by use of the following ADR procedure:
[x] Mediated Settlement Conference
[ ] binding arbitration
[ ] other ____________________

The parties agree that the above selected ADR procedure would be most useful if conducted:
[ ] after resolution of any outstanding dispositive motions, but prior to further discovery
[ ] after an initial round of preliminary discovery to be completed by_______________, 2026.
[x] after the completion of discovery
[ ] after resolution of summary judgment motions, if any
[ ] not applicable

e) Final lists of witnesses and exhibits under Rule 26(a)(3) are due:

– from plaintiff by thirty (30) days before trial.

– from defendant by thirty (30) days before trial.

f) If the case is ultimately tried, trial is expected to take approximately 5 days.

g) Except for non-dispositive motions and discovery motions, the parties do not consent to submission of this mater to a U.S. Magistrate Judge.

5. Please identify any other matters regarding discovery or case management which may require the Court's attention (e.g., concerns re: confidentiality, protective orders, etc., unmovable scheduling conflicts).

   a) The parties will request a protective order from the court for confidential material.

   b) There are currently no issues related to claims of privilege or protection as trial preparation material. The parties request that the protective order from the court expressly address the issue of inadvertent disclosures and include language similar to the following:

> If a producing person realizes that it has inadvertently produced a document or information that it considers to be protected from disclosure to a party in this litigation of the attorney-client privilege, attorney work product doctrine, the common interest or joint defense privilege, or such other privilege or immunity from discovery, then the producing person may contact the receiving party and notify it in writing of the mistake. Once the receiving party has been notified of the mistake, the receiving party shall promptly use all means reasonably available to retrieve such document or information and all copies and return them to the producing person. The inadvertent production of any such privileged document shall not constitute a waiver of any otherwise applicable privilege, and no person shall assert a waiver of any such otherwise applicable privilege upon the basis of any inadvertent production in the course of discovery in this litigation.

This 3rd day of September, 2026.

/s/ *Sunny Panyanouvong-Rubeck*
Sunny Panyanouvong-Rubeck
N.C. Bar No. 39966
3623 Latrobe Drive, Unit 122
Charlotte, NC 28211
(980) 734-3851
spanyanouvong-rubeck@hkm.com

Artur Davis
(admitted in Alabama)
ASB-3672-D56A
2024 3rd Ave. North, Suite 212
Birmingham, AL 35203
(205) 881-0935
adavis@hkm.com

*Attorneys for Plaintiff*

/s/ *Jeremy D. Locklear*
Jeremy D. Locklear (NC State Bar No. 50842)
Parker Poe Adams & Bernstein LLP
301 Fayetteville Street, Suite 1400
P.O. Box 389 (27602-0389)
Raleigh, North Carolina 27601
Telephone: (919) 890-4161
Facsimile: (919) 834-4564
Email: jeremylocklear@parkerpoe.com

*Attorneys for Defendant*