**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA WESTERN DIVISION**

| | | |
|---|---|---|
| **OLUBUSAYO ADESANYA, M.D.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.: 5:26-cv-00368-FL** |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **CUMBERLAND COUNTY HOSPITAL SYSTEM, INC., and KENNETH FLEISHMAN, M.D.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER TO COUNTERCLAIM

Comes now the Plaintiff Olubusayo Adesanya, M.D., by and through her counsels of record, HKM Employment Attorneys, and answers the counterclaim by Kenneth Fleishman, M.D. and Cumberland County Hospital Systems, Inc., as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

## FACTUAL ALLEGATIONS

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted

16. Plaintiff lacks information to evaluate the intent of the Program's periodic evaluations requirement. Plaintiff admits that residents are subjected to regular evaluations.

17. Admitted.

18. Admitted.

19. Upon information and belief, admitted.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Plaintiff lacks information sufficient to admit or deny the allegations in paragraph 25.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Plaintiff admits that she received her 2025 clinical competency evaluation but denies the remaining allegations of paragraph 31.

32. Denied.

33. Plaintiff lacks information sufficient to admit or deny the allegations in paragraph 33.

34. Plaintiff lacks information sufficient to admit or deny the allegations in paragraph 34.

35. Plaintiff lacks information sufficient to admit or deny the allegations in paragraph 35.

36. Plaintiff lacks information sufficient to admit or deny the allegations in paragraph 36.

37. Plaintiff lacks information sufficient to admit or deny the allegations in paragraph 37.

38. Plaintiff lacks information sufficient to admit or deny the allegations in paragraph 38.

39. Plaintiff admits that the CCC conducted a meeting to discuss Plaintiff's progress since mid-December 2025.

40. Plaintiff admits that she was placed on a corrective action program by the CCC but denies the remaining allegations in paragraph 40.

41. Plaintiff admits that she received the correction action in 2026 but denies the remaining allegations in paragraph 41.

42. Plaintiff admits that the corrective plan identified 12 specific areas of needed improvement but denies the remaining allegations in paragraph 42.

43. Admitted.

44. Denied.

45. Plaintiff admits that she received a written warning and corrective action on or about February 11, 2026, but denies the remaining allegations in paragraph 45.

46. Admitted.

47. Admitted.

48. Plaintiff admits that she requested a letter from Dr. Klenzak but denies the remaining allegations in paragraph 48.

49. Plaintiff admits that her legal counsel at the time contacted CCHS to outline its potential violations of federal and state law but denies the remaining allegations in paragraph 49.

50. Plaintiff admits that her legal counsel was provided an opinion that the CAP plan did not constitute a reportable final action but lacks information sufficient to admit or deny the remaining allegations in paragraph 50.

51. Plaintiff lacks information sufficient to admit or deny the allegations in paragraph 51.

52. Plaintiff lacks information sufficient to admit or deny the allegations in paragraph 52.

53. Plaintiff admits that her legal counsel was provided an option for Plaintiff to resign but lacks information sufficient to admit or deny the remaining allegations in paragraph 53.

54. Denied.

55. Denied.

56. Denied.

57. Plaintiff admits that she and her counsel requested that the contents of the CCC be corrected to remove inaccurate and misleading information to be sent to Northwest Medical Center but denies the remaining allegations in paragraph 57.

58. Plaintiff lacks information sufficient to admit or deny the allegations in paragraph 58 related to Northwest Medical Center.

59. Plaintiff admits that CCHS represented that inquiries about her would be handled in a neutral manner but lacks information sufficient to admit or deny the remaining allegations in paragraph 59.

60. Plaintiff lacks information sufficient to admit or deny the allegations in paragraph 60 related to Northwest Medical Center.

61. Plaintiff lacks information sufficient to admit or deny the allegations in paragraph 61 related to Northwest Medical Center.

62. Plaintiff lacks information sufficient to admit or deny the remaining allegations in paragraph 62 related to Northwest Medical Center.

63. Plaintiff lacks information sufficient to admit or deny the allegations in paragraph 63 related to Northwest Medical Center.

64. Plaintiff denies she did not respond, and Plaintiff lacks information sufficient to admit or deny the remaining allegations in paragraph 64 related to Northwest Medical Center.

65. Plaintiff lacks information sufficient to admit or deny the allegations in paragraph 65 related to Northwest Medical Center.

66. Plaintiff admits that she did not confirm to CCHS that she intended to transfer from the Program but denies the remaining allegations in paragraph 66 related to Northwest Medical Center.

67. Plaintiff admits CCHS never received any confirmation from her regarding Northwest Medical Center but denies the remaining allegations in paragraph 67.

68. Denied.

69. Plaintiff lacks information sufficient to admit or deny the allegation that CCHS attempted to contact her regarding her intention to return. Plaintiff admits that she was informed on May 5, 2026, that her probation was considered final but denies the remaining allegations in paragraph 69.

70. Admitted.

71. Admitted.

72. Admitted.

73. Admitted

74. Admitted.

75. Plaintiff admits that her agreement ended on June 30, 2026, but denies the remaining allegations in paragraph 75.

76. Plaintiff denies creating or maintaining the GoFundMe fundraiser created on July 10, 2026.

77. Admitted.

78. Plaintiff admits that the posting on the reference site referenced aspects of her publicly available federal lawsuit but denies the remaining allegations in paragraph 78.

79. Plaintiff admits the fundraiser encouraged public support and sought monetary contributions but denies the remaining allegations in paragraph 79.

80. Denied.

81. Admitted.

82. Admitted.

83. Plaintiff admits that aspects of her social media posts referenced factual material that is not referenced in her lawsuit.

84. Denied.

85. Plaintiff lacks information sufficient to admit or deny the allegations contained in paragraph 85.

86. Plaintiff lacks information sufficient to admit or deny the allegations contained in paragraph 86.

87. Plaintiff lacks information sufficient to admit or deny the allegations contained in paragraph 87.

88. Denied.

89. Admitted.

90. Plaintiff admits that the correspondence itself ended up being published but denies she supplied the correspondence to influencers.

91. Denied.

92. Denied.

93. Plaintiff lacks information sufficient to admit or deny the allegations contained in paragraph 93.

94. Plaintiff admits that she has not directed individuals who have republished contents of her social media postings to remove said contents but denies the remaining allegations in paragraph 94.

95. Denied.

96. Plaintiff lacks information sufficient to ascertain the specific meaning of the term "the publications" and therefore cannot admit or deny the allegations in paragraph 96.

97. Plaintiff lacks information sufficient to ascertain the specific meaning of the term "the publications" and therefore cannot admit or deny the allegations in paragraph 97.

98. Denied.

99. Plaintiff lacks information sufficient to ascertain the specific meaning of the term "the statements" and therefore cannot admit or deny the allegations in paragraph 99.

100. Plaintiff lacks information sufficient to ascertain whether the Counterclaim-Plaintiffs have received public criticism or experienced disrupted relationships based on the dissemination of any of the factual allegations referenced and denies the remaining allegations in paragraph 100.

101. Plaintiff lacks information sufficient to admit or deny the allegations contained in paragraph 101.

**COUNT I-DEFAMATION**

102. Plaintiff restates and incorporates by reference her factual responses to the allegations in the Counterclaim.

103. Plaintiff lacks information sufficient to ascertain the specific meaning of the term "the statements" and therefore cannot admit or deny the allegations in paragraph 103.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Plaintiff lacks information sufficient to ascertain the specific meaning of the term "the statements" and therefore cannot admit or deny the allegations in paragraph 109.

110. Plaintiff lacks information sufficient to ascertain the specific meaning of the term "the statements" and therefore cannot admit or deny the allegations in paragraph 110.

111. Denied.

112. Denied.

## PRAYER FOR RELIEF

Paragraphs 1-5 constitute a prayer for relief as to which no response is required. Plaintiff denies that Counterclaimants are entitled to any relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1. The Counterclaim fails in whole or in part to state a legal claim upon which relief can be granted.

### SECOND DEFENSE

2. Plaintiff asserts that all published statements by her that form the factual basis of the Counterclaim are true or substantially true and therefore cannot form the basis of a defamation claim.

## THIRD DEFENSE

3. No act or omission by Plaintiff caused or contributed to any injury Counterclaimants claim to have suffered.

## FOURTH DEFENSE

4. Counterclaimants fail to state a factual basis for the award of relief or damages.

## FIFTH DEFENSE

5. Plaintiff's statements are not subject to a defamation claim because they contain no provably false statements of fact.

## SIXTH DEFENSE

6. Counterclaimants fail to identify a statutory provision of North Carolina law that they rely upon to assert a defamation claim.

## SEVENTH DEFENSE

7. To the extent Counterclaimants have suffered any damages as a result of actionable conduct by Plaintiff, which Plaintiff denies, Counterclaimants have failed to mitigate those damages.

Submitted the 4th day of September, 2026.

**HKM Employment Attorneys LLP**

*s/Sunny Panyanouvong-Rubeck*
Sunny Panyanouvong-Rubeck
N.C. Bar No. 39966

3623 Latrobe Drive, Unit 122
Charlotte, NC 28211
(980) 734-3851
spanyanouvong-rubeck@hkm.com

Artur Davis
(admitted in Alabama)
ASB-3672-D56A
2024 3rd Ave. North, Suite 212
Birmingham, AL 35203
(205) 881-0935
adavis@hkm.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 4, 2026, this **ANSWER TO COUNTERCLAIM** was electronically filed with the Clerk of Court using the CM/ECF system which will electronically notify all counsel of record.

**HKM Employment Attorneys LLP**

*s/Sunny Panyanouvong-Rubeck*
Sunny Panyanouvong-Rubeck