IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:26-cv-00368-FL

| | | |
|---|---|---|
| OLUBUSAYO ADESANYA, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | PLAINTIFF'S RESPONSE IN |
| | ) | OPPOSITION TO DEFENDANTS' |
| CUMBERLAND COUNTY HOSPITAL | ) | MOTION TO STRIKE PLAINTIFF'S |
| SYSTEM, INC. d/b/a Cape Fear Valley | ) | AMENDED COMPLAINT |
| Health Systems, Cape Fear Valley Health, | ) | |
| Cape Fear Valley Behavioral Health Care, | ) | |
| and/or Cape Fear Valley Medical Center, | ) | |
| and KENNETH FLEISHMAN, M.D., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff Olubusayo Adesanya, M.D. ("Dr. Adesanya" or "Plaintiff"), by and through undersigned counsel, respectfully submits this Response in Opposition to Defendants Cumberland County Hospital System, Inc. ("CCHS") and Kenneth Fleishman, M.D.'s ("Fleishman") (collectively, "Defendants") Motion to Strike Plaintiff's Amended Complaint (DE 32). As set forth below, Defendants' Motion should be denied.

## INTRODUCTION

Defendants ask this Court to apply Rule 12(f)'s "drastic remedy," *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001), to strike Plaintiff's operative Amended Complaint (DE 30) based solely on a procedural sequencing issue: Defendants characterize Plaintiff's Amended Complaint as filed "one day" after the Case Management Order's October 4, 2026 deadline to seek leave to amend — though that deadline in fact fell on a Sunday, and Plaintiff

filed the Amended Complaint the next business day, consistent with the position set forth in her pending Motion for Leave to Amend (DE 31) — and before formally obtaining the Court's leave or Defendants' written consent under Rule 15(a)(2). Regardless of how that one-day question is resolved, Plaintiff promptly moved to cure any procedural irregularity by filing her Motion for Leave to Amend Complaint three days after filing the Amended Complaint, on October 8, 2026, which remains pending before the Court and which, if granted, resolves the matter in the manner this Court and others routinely employ.

Defendants can claim no surprise. Plaintiff's original Complaint expressly told the Court and Defendants, from the very outset of this litigation on May 29, 2026, that a second EEOC charge encompassing additional claims was forthcoming. (DE 1 ¶ 14 n.1 ("Following the filing of this lawsuit, Dr. Adesanya will be filing a second EEOC charge to encompass the events that have taken place in the past 180 days.").) The claims Plaintiff added by amendment are precisely the claims that footnote foreshadowed. Having been on notice since the inception of this case that these claims were coming once administrative exhaustion was complete, Defendants cannot now credibly claim unfair surprise or prejudice from an amendment that did exactly what Plaintiff said it would.

Tellingly, Defendants' Motion to Strike and supporting Memorandum do not themselves contend that amendment would be futile, that Plaintiff acted in bad faith or with dilatory motive, or that Defendants would suffer undue prejudice; at the time they filed those papers, Defendants expressly reserved their substantive opposition for a later response to Plaintiff's Motion for Leave to Amend. (DE 32 ¶¶ 12–13; DE 33 at 3.) Defendants have since filed that response (DE 34, filed October 29, 2026), raising arguments under Rule 16(b)(4)'s good-cause standard and Rule 15(a)(2)'s futility prong. Those arguments, whatever their merit, are directed at Plaintiff's Motion

for Leave to Amend (DE 31) and belong there; they supply no basis for the separate and narrower relief Defendants seek in their Motion to Strike, which rests solely on the sequencing of Plaintiff's filings. Because none of the Rule 15(a)(2) factors that actually govern whether an amendment should be permitted is present, and because courts — including this Court — decline to strike an amended complaint merely because a motion for leave followed rather than preceded its filing, Defendants' Motion to Strike should be denied.

## RELEVANT PROCEDURAL BACKGROUND

Plaintiff filed her original Complaint on May 29, 2026. (DE 1.) In that Complaint, Plaintiff expressly notified the Court and Defendants that "[f]ollowing the filing of this lawsuit, Dr. Adesanya will be filing a second EEOC charge to encompass the events that have taken place in the past 180 days." (DE 1 ¶ 14 n.1.) Following a waiver of service, Defendants filed their Answer and Counterclaim on July 31, 2026. (DE 19.) Consistent with the notice given in the original Complaint, Plaintiff filed a second EEOC Charge of Discrimination on August 3, 2026, alleging race and disability discrimination (Charge No. 433-2026-04334), and received her Notice of Right to Sue on that charge on September 11, 2026. Plaintiff filed her Answer to Defendants' Counterclaim on September 4, 2026. (DE 27.) Also on September 4, 2026, the Court entered its Case Management Order ("CMO"), which set October 4, 2026, as the deadline for any motion seeking leave to amend the pleadings. (DE 26 ¶ B.2.)

The CMO's October 4, 2026 deadline fell on a Sunday. On Monday, October 5, 2026, Plaintiff filed her Amended Complaint (DE 30), adding factual allegations and claims for discrimination and retaliation based on race and disability, and for wrongful discharge in violation of public policy, informed in part by the second EEOC Charge and Right-to-Sue notice Plaintiff had received only weeks earlier. Recognizing that leave of court was required, Plaintiff filed her

Motion for Leave to Amend Complaint only three days later, on October 8, 2026, which expressly noted that the October 4 deadline fell on a Sunday. (DE 31 at 1.) That motion remains pending.

On October 19, 2026, rather than opposing the Motion for Leave to Amend on its merits, Defendants filed the instant Motion to Strike (DE 32) and supporting Memorandum (DE 33), asking the Court to strike the Amended Complaint under Rule 12(f) based solely on the sequencing of Plaintiff's filings. Defendants represented that they "intend[ed] to file a timely response to Plaintiff's Motion for Leave to Amend Complaint (DE 31), setting forth their full basis for opposition to Plaintiff's request for leave to amend." (DE 33 at 3.) Defendants did so on October 29, 2026, filing their Response in Opposition to Plaintiff's Motion for Leave to Amend Complaint (DE 34), which raises arguments concerning Rule 16(b)(4) good cause and the asserted futility of Plaintiff's proposed claims. Those arguments bear on the Motion for Leave to Amend; they are not before the Court on the instant Motion to Strike.

## ARGUMENT

### I. Rule 12(f) Is a "Drastic Remedy" That Does Not Reach the Procedural Sequencing Issue Defendant Raise.

Rule 12(f) permits a court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a pleading. Fed. R. Civ. P. 12(f). The Fourth Circuit has repeatedly cautioned that such motions "are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy" and because such motions are "often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings*, 252 F.3d at 347.

Defendants do not identify any redundant, immaterial, impertinent, or scandalous matter within the four corners of the Amended Complaint. Their sole objection is procedural: that Plaintiff filed the Amended Complaint without first securing leave of court or Defendants' written consent.

(DE 32 ¶¶ 9–11.) That objection, even if well taken, does not transform the Amended Complaint's substance into "scandalous" or "impertinent" matter subject to striking under Rule 12(f). The question whether an amendment filed without leave should nonetheless be permitted is governed by Rule 15(a), not by the drastic remedy of Rule 12(f).

## II. Courts — Including This Court — Decline to Strike an Amended Complaint Where a Motion for Leave to Amend Follows Promptly and None of the Rule 15(a)(2) Factors Favors Denial.

Rule 15(a)(2) directs that, outside the narrow window for amendment as of right, "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit has held that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc); accord *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Applying that liberal standard, courts confronted with an amended complaint filed before leave was secured — precisely the posture here — routinely decline to strike the pleading and instead resolve the matter under Rule 15(a)(2). In *Murdock v. Barnes*, No. 2:24-CV-51-M-BM, 2025 WL 2447767 (E.D.N.C. Aug. 25, 2025), this Court denied a motion to strike an amended complaint as moot, deemed the amended complaint properly introduced, and granted leave to amend under Rule 15(a)(2) notwithstanding the procedural posture in which the amendment arrived. Likewise, in *Grey v. Grant*, No. 2:22-cv-02088, 2022 WL 7055226 (W.D. Tenn. Oct. 12, 2022), the court held that an untimely amended complaint — filed after the Rule 15(a)(1) as-of-right window had closed — should not be struck where the amendment reflected no bad faith, dilatory motive, undue prejudice, or futility, and granted leave to amend rather than striking the pleading.

The same result follows here — indeed, more emphatically. There is no undue prejudice: the Amended Complaint was filed well before the close of discovery (April 2, 2027, per CMO ¶ A.3) and before Defendants had filed any responsive pleading to it; indeed, Defendants' own Motion to Strike serves as their timely response under Rule 15(a)(3). (DE 32 ¶ 11.) More fundamentally, Defendants were on express notice from the first day of this litigation that these very claims were coming: Plaintiff's original Complaint told Defendants and the Court that a second EEOC charge "to encompass the events that have taken place in the past 180 days" would follow, and that any resulting claims would be brought once exhausted. (DE 1 ¶ 14 n.1.) There is no bad faith or dilatory motive: Plaintiff did not sit on the amendment, but moved for leave only three days after filing — on October 8, 2026 — reflecting diligence, not gamesmanship, and the roughly three-and-a-half weeks between receiving her September 11, 2026 right-to-sue notice and filing the Amended Complaint on October 5, 2026 reflects the ordinary, foreseeable pace of administrative exhaustion that Plaintiff had already flagged for the Court. Defendants' Motion to Strike itself raises no futility argument; any such arguments appear only in Defendants' subsequently filed Response in Opposition to the Motion for Leave to Amend (DE 34, filed October 29, 2026), which addresses the merits of amendment under Rule 15(a)(2) and the good-cause standard of Rule 16(b)(4) — not whether the Amended Complaint should be struck under Rule 12(f). Defendants cannot import arguments raised only in opposition to a different, pending motion into this one, nor ask this Court to strike the pleading under Rule 12(f) as though futility, prejudice, or bad faith had already been established in that separate proceeding.

## III. <u>Defendants' Reliance on Laschkewitsch Is Misplaced.</u>

Defendants' sole authority, *Laschkewitsch v. Lincoln Life & Annuity Distribs., Inc.*, No. 5:13-CV-315-BO, 2014 WL 715420 (E.D.N.C. Feb. 24, 2014), does not support striking the

Amended Complaint here. In *Laschkewitsch*, the Court struck a pro se litigant's filing because (1) the document actually filed bore no relationship to the amendments described in the underlying motion for leave, and (2) the Court had separately denied leave to amend on the merits. *Id*. at *1–*2. Neither circumstance is present in this case. Plaintiff's Amended Complaint (DE 30) is the very pleading for which she seeks leave in her pending Motion for Leave to Amend (DE 31) — there is no mismatch between what was filed and what was requested. Nor has this Court denied, or even yet considered, the merits of leave to amend; although Defendants have since filed a response addressing those merits (DE 34), that briefing is directed to the Motion for Leave to Amend and remains pending before the Court. *Laschkewitsch* accordingly confirms, rather than undermines, that the propriety of Plaintiff's amendment should be tested under Rule 15(a)(2) in connection with the pending Motion for Leave to Amend, not disposed of by a summary strike.

## IV. <u>**The CMO Deadline Fell on a Sunday, and in All Events Does Not Compel a Different Result.**</u>

As an initial matter, and consistent with the position set forth in her pending Motion for Leave to Amend (DE 31 at 1), Plaintiff notes that the CMO's October 4, 2026 deadline fell on a Sunday, and that she filed the Amended Complaint the following business day, Monday, October 5, 2026.

The Court need not resolve that question to deny Defendants' Motion, however, because even accepting Defendants' characterization of the filing as one day outside the CMO's deadline, that one-day period does not purport to convert a brief, non-prejudicial delay into an automatic forfeiture of the right to seek amendment, nor does it displace the Rule 15(a)(2) standard that governs whether leave should ultimately be granted. (DE 26 ¶ B.2.) As explained above, Plaintiff's proposed amendments were informed by a second EEOC charge and Right-to-Sue notice that

Plaintiff received on September 11, 2026 — the very charge Plaintiff had told the Court and Defendants, as early as her original Complaint, that she intended to file. (DE 1 ¶ 14 n.1.) The brief gap between that September 11 notice and the October 5 Amended Complaint reflects the ordinary pace of administrative exhaustion that Plaintiff had already disclosed, not any lack of diligence. Resolving the procedural question through Plaintiff's pending Motion for Leave to Amend, rather than through the blunt instrument of Rule 12(f), is consistent with both the CMO and this Court's own practice in *Murdock*.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Strike Plaintiff's Amended Complaint (DE 32).

This the 8th day of November, 2026.

**HKM EMPLOYMENT ATTORNEYS LLP**

*s/ Sunny Panyanouvong-Rubeck*
Sunny Panyanouvong-Rubeck
N.C. Bar No. 39966
3623 Latrobe Drive, Unit 122
Charlotte, NC 28211
(980) 734-3851
spanyanouvong-rubeck@hkm.com

Artur Davis
(admitted in Alabama)
ASB-3672-D56A
2024 3rd Ave. North, Suite 212
Birmingham, AL 35203
(205) 881-0935
adavis@hkm.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on this 8th day of November 2026, I electronically filed the foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Jeremy D. Locklear
PARKER POE
301 Fayetteville Street, Suite 1400
Raleigh, North Carolina 27601
Telephone: (919) 835-4550
Facsimile: (919) 834-4564
Email: jeremylocklear@parkerpoe.com

*Counsel for Defendants*

HKM EMPLOYMENT ATTORNEYS LLP

*s/ Sunny Panyanouvong-Rubeck*
Sunny Panyanouvong-Rubeck